# EXHIBIT C

# EXHIBIT C

**Highlighted Provisions Pursuant to Local Rule 6004-1**

In accordance with Local Rule 6004-1, the Trustee respectfully represents the following:

a) **Purchaser:** FPI MB Entertainment LLC

b) **Purchase Price:** $25,000,000

c) **Purchased Assets**: See Paragraph 1.1 (a) of the Asset Purchase Agreement (the "APA").

d) **Sale is Not to an Insider:** The Purchaser is not an "insider" of the Debtors, as that term is defined in the Bankruptcy Code.

e) **Agreements with Management:** No agreements with Debtors' management have been entered into in connection with the sale.

f) **Releases**: Section 12.11 of the APA, titled "Limitation On Damages" provides "In no event shall either party or their respective affiliates have any liability to the other party or any other person for any special, consequential, indirect, exemplary or punitive damages (including any damages on account of lost profits or opportunities or business interruption and the like), whether by statute, in tort or under contract, and any such claim, right or cause of action for any such damages is hereby fully waived, released and forever discharged."

g) **Private Sale:** As set forth in Paragraphs 47 – 48 of the Sale Motion, the Trustee is seeking to conduct the proposed sale without establishing bidding procedures, however in the event that any interested purchaser notifies the Bankruptcy Court of their intention to bid at the hearing to consider the Sale Motion, the Trustee will conduct an auction on the same day to consider any additional higher and better offers.

h) **No Solicitation**. Effective as of the Diligence Date, or such earlier date as Purchaser shall notify Trustee in writing that the Purchaser waives the right to terminate the APA pursuant to paragraph 3.5(e) thereof, until the termination of the APA in accordance with Section 3.5 thereof, none of the Trustee, the Senior Revolving Lenders or any officer, director, employee, agent or representative (including any investment banker, financial advisor, attorney, accountant or other representative) of the Trustee or the Senior Revolving Lenders shall directly or indirectly (i) solicit, initiate, encourage, facilitate (including by way of furnishing information) or take any other action designed to facilitate any inquiries or proposals regarding any merger, share exchange, consolidation, sale of assets, sale of shares of capital stock (including by way of a tender offer) or similar transactions involving the Bankruptcy Estate or any of the Purchased Assets that, if consummated, would constitute an Alternative Transaction (any of the foregoing inquiries or proposals, including the indication of any intention to propose any of the foregoing, being referred to herein as an "Alternative Proposal"), (ii) participate in any discussions or negotiations regarding an

Alternative Transaction or (iii) enter into any agreement regarding any Alternative Transaction.

i) **Closing and Other Deadlines:** Closing is scheduled to occur no later than February 20, 2009, unless another time or date, or both, are agreed to in writing by the parties to the Modified Purchase Agreement. In the event that the sale does not close by February 20, 2009, the Purchase Price shall be reduced by the sum of One Million Dollars ($1,000,000), and the Purchase Price shall be further reduced in the amount of Fifty Thousand Dollars ($50,000) for each day after February 20, 2009 that the Closing does not occur. Further, as set forth in Section 6.3 of the APA, there is a deadline of February 27, 2009 for the Purchaser to advise the Trustee which, if any, of the designated Contracts the Purchaser desires to have assigned to it. The Trustee shall promptly file a motion seeking to assume and assign the designated Contracts to Purchaser and the Trustee shall use its commercially reasonable best efforts to have such motion heard by the Bankruptcy Court prior to March 7, 2009.

j) **Good Faith Deposit:** Prior to the hearing to consider the Sale Motion, the Purchaser shall submit a deposit in the amount of Two Million, Three Hundred Thousand Dollars ($2,300,000.00) which will be held by the Trustee in accordance with the terms and conditions of the Escrow Agreement attached as Exhibit C to the APA.

k) **Interim Arrangements with Proposed Buyer:** There are no interim arrangements with any proposed buyer.

l) **Use of Proceeds:** Paragraphs 35 - 36 of the Sale Motion set forth how the proceeds of the sale shall be distributed upon Closing.

m) **Tax Exemption:** No tax exemptions under section 1146(a) of the Bankruptcy Code are contemplated in connection with the Sale.

n) **Record Retention:** Pursuant to Section 7.3(b) of the APA, "from and after the Closing Date, the Purchaser shall give the Trustee and the Trustee's Representatives reasonable access during normal business hours upon reasonable advance notice and under reasonable circumstances to the offices, facilities, properties, assets, employees, Documents (including, without limitation, any Documents included in the Purchased Assets), personnel files and books and records of the Purchaser pertaining to (i) the conduct of the Business or ownership of the Purchased Assets prior to the Closing Date or (ii) the Excluded Assets and Excluded Liabilities. Without limiting the generality of the foregoing, the Purchaser shall, and shall use commercially reasonable efforts to cause each of its Affiliates to, cooperate with the Trustee."

o) **Sale of Avoidance Actions:** As set forth in Section 1.2(g) of the APA, the sale does not include the transfer of any avoidance claims or causes of action under the Bankruptcy Code or applicable state Law, including, without limitation, all rights

and avoidance claims of the Bankruptcy Estate arising under Chapter 5 of the Bankruptcy Code;

p) **Requested Findings as to Successor Liability:** The Buyer would be undertaking only those certain assumed liabilities set forth in Section 1.3 of the APA. All other liabilities not expressly assumed by the Buyer under the APA, whether or not incurred or accrued on or after the Closing Date, shall be retained by the estate of the Selling Debtor, and the Purchase shall not have any successor liability.

q) **Sale Free and Clear of Unexpired Leases:** The Trustee is seeking to sell the Assets free and clear of liens and other interests pursuant to Section 363(l) of the Bankruptcy Code. Pursuant to Section 6.3 of the APA, the Purchaser shall have until February 13, 2009 to designate the executory contracts or unexpired leases that the Purchaser desires deleted from the list of executory contracts to be rejected, in which case the Trustee shall withdraw the motion as to all executory contracts and unexpired leases so designated by Purchaser. If the Purchaser designates a contract or lease for deletion from the list of executory contracts and unexpired leases to be rejected and subsequently removes such contract or lease from the list of contracts or leases to be assigned to it, the Purchaser shall pay to the Trustee the amount of any administrative expense incurred by the Bankruptcy Estate on account of such contract or lease during the period commencing with the Conversion Date through the date of rejection of such contract or lease.

r) **Relief from Bankruptcy Rule 6004(h) and 6006(d):** As set forth in Paragraphs 60 – 62 in the Sale Motion, the Trustee is requesting relief from the 10-day stay imposed by Rule 6004(h) and 6006(d).