*EXECUTION VERSION*

## CONSENT AND AGREEMENT

This **CONSENT AND AGREEMENT** (this "*Consent*"), dated as of March 30, 2006, is entered into by and among **HRP CREATIVE SERVICES CO., LLC**, a Florida limited liability company (the "*Undersigned*"), **HRP MYRTLE BEACH OPERATIONS, LLC**, a Delaware limited liability company ("*HRP Operations*"), **DEUTSCHE BANK TRUST COMPANY AMERICAS**, in its capacity as administrative agent and collateral agent under the Revolving Credit Agreement described below (in such capacity, together with its successors and assigns, the "*Revolving Credit Agent*") for the benefit of the Secured Parties (as defined in the Revolving Credit Agreement described below) (collectively, the "*Revolver Secured Parties*"), **DEUTSCHE BANK TRUST COMPANY AMERICAS**, in its capacity as trustee under the Senior Indenture described below (in such capacity, together with its successors and assigns, the "*Senior Trustee*") for the benefit of the holders from time to time (the "*Senior Noteholders*") of the Senior Notes (as defined below), and **DEUTSCHE BANK TRUST COMPANY AMERICAS**, in its capacity as trustee under the Junior Indenture described below (in such capacity, together with its successors and assigns, the "*Junior Trustee*" and, collectively with the Revolving Credit Agent and the Senior Trustee, the "*Agents*") for the benefit of the holders from time to time (the "*Junior Noteholders*") of the Junior Notes (as defined below).

## RECITALS

A. **Facility.** HRP Operations desires to develop, construct and operate Hard Rock Park, a theme park celebrating the spirit of rock 'n' roll with rides, shows, shops, restaurants and certain related amenities (the "*Facility*"), to be developed on approximately 140 acres of land in Myrtle Beach, South Carolina.

B. **Revolving Credit Agreement.** Concurrently herewith, HRP Operations, the Revolving Credit Agent, and each of the lenders and the other agents and arrangers from time to time party thereto are entering into that certain Revolving Credit Agreement, dated as of the date hereof (as amended, amended and restated, supplemented, modified, renewed, replaced or refinanced from time to time, the "*Revolving Credit Agreement*"), providing for a revolving credit facility in a principal amount of up to $15,000,000.

C. **Senior Notes.** Concurrently herewith, HRP Operations and HRP Myrtle Beach Capital Corp., a Delaware corporation ("*HRP Capital*"), are issuing $155,000,000 aggregate principal amount of senior secured notes (together with all other notes issued under the Senior Indenture, including all notes issued in exchange or replacement thereof, the "*Senior Notes*") pursuant to that certain Indenture, dated as of the date hereof (as amended, amended and restated, supplemented or otherwise modified from time to time, the "*Senior Indenture*"), among HRP Operations, HRP Capital, HRP Myrtle Beach Holdings, LLC, a Delaware limited liability company and the sole member of HRP Operations ("*HRP Holdings*"), and the Senior Trustee.

D. **Junior Notes.** Concurrently herewith, HRP Operations and HRP Capital are issuing $100,000,000 aggregate principal amount of junior secured notes (together with all other notes issued under the Junior Indenture, including all notes issued in exchange or replacement thereof, the "*Junior Notes*") pursuant to that certain Indenture, dated as of the date hereof (as amended, amended and restated, supplemented or otherwise modified from time to time, the "*Junior Indenture*"), among HRP Operations, HRP Capital, HRP Holdings and the Junior Trustee.

E. **Contract.** The Undersigned and HRP Operations have entered into that certain Creative Services Agreement, dated as of the date hereof (as amended, amended and restated, supplemented, or otherwise modified from time to time in accordance with the provisions hereof and thereof, the

SD\528254.4



EXHIBIT 8

"*Contract*"), pursuant to which the Undersigned licenses to HRP Operations the right to use certain trademarks, trade names, service marks, logos, slogans, trade dress, commercial symbols and other intellectual property to be used in connection with the Facility, as further described therein.

F. **Revolving Credit Security Agreement.** As provided for in that certain Pledge and Security Agreement, dated as of the date hereof (as amended, amended and restated, supplemented, or otherwise modified from time to time, the "*Revolving Credit Security Agreement*"), by and among HRP Holdings, HRP Operations, HRP Capital, the Revolving Credit Agent, and each of the other parties thereto from time to time, HRP Operations has collaterally assigned its interest under the Contract to the Revolving Credit Agent on behalf of the Revolver Secured Parties.

G. **Senior Security Agreement.** As provided for in that certain Pledge and Security Agreement, dated as of the date hereof (as amended, amended and restated, supplemented, or otherwise modified from time to time, the "*Senior Security Agreement*"), by and among HRP Holdings, HRP Operations, HRP Capital, the Senior Trustee, and each of the other parties thereto from time to time, HRP Operations has collaterally assigned its interest under the Contract to the Senior Trustee on behalf of the Senior Noteholders.

H. **Junior Security Agreement.** As provided for in that certain Pledge and Security Agreement, dated as of the date hereof (as amended, amended and restated, supplemented, or otherwise modified from time to time, the "*Junior Security Agreement*", collectively with the Revolving Credit Security Agreement and the Senior Security Agreement, the "*Security Agreements*"), by and among HRP Holdings, HRP Operations, HRP Capital, the Junior Trustee, and each of the other parties thereto from time to time, HRP Operations has collaterally assigned its interest under the Contract to the Junior Trustee on behalf of the Junior Noteholders.

I. **Consent.** It is a condition precedent to the obligation of (a) the Revolving Credit Agent and the lenders under the Revolving Credit Agreement to enter into the Revolving Credit Agreement, (b) the Revolver Secured Parties to make the extensions of credit under the Revolving Credit Agreement and enter into the Specified Hedging Agreements (as defined in the Revolving Credit Security Agreement), (c) the Senior Trustee to enter into the Senior Indenture and the Senior Noteholders to purchase the Senior Notes and (d) the Junior Trustee to enter into the Junior Indenture and the Junior Noteholders to purchase the Junior Notes, that the Undersigned and HRP Operations execute and deliver this Consent to the Agents.

## AGREEMENT

NOW THEREFORE, the parties hereby agree as follows:

1. The Undersigned consents to HRP Operations' transfer, assignment and grant of a security interest in and to the Contract, as provided for in each Security Agreement.

2. Each Agent shall be entitled, but not obligated, to exercise all rights and cure any defaults of HRP Operations under the Contract. Upon receipt of notice from any Agent, the Undersigned agrees to accept such exercise and cure by such Agent and to render all performance due by it under the Contract and this Consent to such Agent. The Undersigned agrees to make all payments, if any, to be made by it under the Contract directly to such Agent, for the benefit of the Revolver Secured Parties, the Senior Noteholders and/or the Junior Noteholders, as applicable, upon receipt of such Agent's written instructions to do so.

2

3. The Undersigned will not, without the prior written consent of each Agent, (i) cancel or terminate the Contract except as provided in the Contract and in accordance with Section 4 hereof, or consent to or accept any cancellation, termination or suspension thereof by HRP Operations; (ii) sell, assign or otherwise dispose (by operation of law or otherwise) of any part of its interest in the Contract; or (iii) amend or modify the Contract in any material respect. The Undersigned agrees to deliver duplicates or copies of all notices of default delivered under or pursuant to the Contract to each Agent promptly upon receipt thereof and will advise each Agent of any non-material amendments to the Contract.

4. The Undersigned will not terminate the Contract on account of any default or breach of HRP Operations thereunder without providing written notice to each Agent of its intent to terminate and the reason therefor and first providing to the Agents (i) ninety (90) days from the date notice of default or breach is delivered to the Agents to cure such default if such default is the failure to pay amounts to the Undersigned which are due and payable under the Contract or (ii) a reasonable opportunity, but not fewer than one hundred twenty (120) days, to cure such breach or default if the breach or default cannot be cured by the payment of money to the Undersigned. If possession of the Facility is necessary to cure such breach or default and an Agent declares HRP Operations in default and commences foreclosure proceedings, such Agent will be allowed a reasonable period to complete such proceedings. If the applicable Agent is prohibited by any court order or bankruptcy or insolvency proceedings from curing the default or from commencing or prosecuting foreclosure proceedings, the foregoing time periods shall be extended by the period of such prohibition.

5. The Undersigned consents to the transfer of HRP Operations' interest under the Contract to (i) such Agent or (ii) a purchaser or grantee at a foreclosure sale by judicial or nonjudicial foreclosure and sale or by a conveyance by HRP Operations in lieu of foreclosure (any such purchaser or grantee, other than the Agents, shall be referred to herein as a *"Third Party Transferee"*). The Undersigned agrees that upon such foreclosure, sale or conveyance, the Undersigned shall recognize the applicable Agent or Third Party Transferee as the applicable party under the Contract.

6. If any Agent gives written notice to the Undersigned that an event of default has occurred under any of the agreements with such Agent and requests that the Undersigned continue its performance under the Contract, then the Undersigned shall thereafter perform for such Agent under the Contract in accordance with its terms. The Undersigned shall render such performance to such Agent notwithstanding any contrary directions, instructions or assertions from HRP Operations. HRP Operations hereby authorizes and directs the Undersigned to render such performance to each Agent as contemplated herein.

7. In the event the Contract is rejected by a trustee or debtor-in possession in any bankruptcy or insolvency proceeding, and if, within sixty (60) days after such rejection any Agent shall so request, the Undersigned shall execute and deliver to such Agent a new Contract, which shall be on the same terms and conditions as the original Contract.

8. In the event any Agent elects to (i) perform HRP Operations' obligations under the Contract and cure any default by HRP Operations under the Contract or (ii) enter into a new contract with the Undersigned, such Agent shall have no personal liability to the Undersigned for the performance of such obligations, and the sole recourse of the Undersigned in seeking the enforcement of such obligations shall be to such parties' interest in the Facility.

9. In the event any Agent succeeds to HRP Operations' interest under the Contract, such Agent shall cure any defaults for failure to pay amounts owed under the Contract, but shall not otherwise be required to perform or be subject to any defenses or offsets by reason of any of HRP

3

Operations' other obligations under the Contract that were unperformed at such time. Each Agent shall have the right to all or a pro rata interest in the Contract or a new Contract entered into pursuant to Section 7 with a person or entity to whom the Facility is transferred, provided such transferee assumes the obligations of HRP Operations under the Contract. Upon such assignment, such Agent (including its agents and employees) shall be released from any further liability thereunder to the extent of the interest assigned.

10. The warranties provided by the Undersigned under the Contract shall continue in full force and effect (until the expiration of the warranty periods set forth in the Contract) in the event that any Agent succeeds to HRP Operations' interest in the Contract (whether by foreclosure, sale or other assignment) and upon any further assignment or sale of the Contract by any Agent.

11. The Undersigned hereby assigns to HRP Operations (and HRP Operations' successors, designees and assigns) all its interest in any subcontracts and purchase orders now existing or hereinafter entered into by the Undersigned for performance of any part of the Undersigned's obligations under the Contract (the "*Subcontracts*"). Such assignment shall be effective only upon the termination of the Contract for the default of the Undersigned, and then only as to those Subcontracts which HRP Operations (or its successors, designees and assigns) at such time accepts in writing. The Undersigned also grants a security interest to HRP Operations (and HRP Operations' successors, designees and assigns) in all of its interest in such Subcontracts as security for the performance of the Undersigned's obligations under the Contract. The Undersigned further assigns to HRP Operations (and HRP Operations' successors, designees and assigns) all of its rights with respect to any warranties under the Subcontracts, which assignment shall be effective upon the termination of the Contract for the default of the Undersigned.

12. The Undersigned hereby represents, warrants and certifies that:

(a) The execution, delivery and performance by the Undersigned of the Contract and this Consent have been duly authorized by all necessary corporate action, and do not and will not require any further consents or approvals which have not been obtained, or violate any provision of any law, regulation, order, judgment, injunction or similar matters or breach any agreement presently in effect with respect to or binding upon the Undersigned (except as to assignments of Subcontracts set forth in Section 11).

(b) This Consent and the Contract are legal, valid and binding obligations of the Undersigned, enforceable against the Undersigned in accordance with their respective terms.

(c) As of the date hereof, the Contract is in full force and effect and has not been amended, supplemented or modified.

(d) To the best of the Undersigned's knowledge, HRP Operations has fulfilled all of its obligations under the Contract and there are no breaches, defaults or unsatisfied conditions presently existing (or which would exist after the passage of time and/or giving notice) that would allow the Undersigned to terminate the Contract.

(e) The Undersigned has delivered to each Agent a true and correct copy of the Contract, including all amendments and modifications thereto, up to the date hereof. As of the date hereof, the Contract is in full force and effect and constitutes the only agreement between the Undersigned and HRP Operations with respect to the matters and interest described therein.

4

13. All notices required or permitted hereunder shall be in writing and shall be effective (a) upon receipt if hand delivered, (b) upon receipt if sent by facsimile and (c) if otherwise delivered, upon the earlier of receipt or five (5) business days after being sent by registered or certified mail, return receipt requested, with proper postage affixed thereto, or by private courier or delivery service with charges prepaid, and addressed as specified below:

If to the Undersigned:

HRP Creative Services Co., LLC
622 E. Washington St., Suite 500
Orlando, FL 32801
Attn: Steven Goodwin
Tel: (407) 514-4714
Fax: (321) 413-0209

If to the Revolving Credit Agent:

Deutsche Bank Trust Company Americas
60 Wall Street, 43rd Floor
New York, NY 10005-2858
Attn: MaryKay Coyle
Tel: (212) 250-6039
Fax: (732) 797-5690

With a copy to:

Latham & Watkins LLP
600 West Broadway, Suite 1800
San Diego, CA 92101
Attn: Sony Ben-Moshe, Esq.
Tel: (619) 236-1234
Fax: (619) 696-7419

If to the Senior Trustee:

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor
New York, NY 10005-2858
Attn: Project Finance, Re: Hard Rock Park Project
Tel: (212) 250-2498
Fax: (732) 578-4636

With a copy to:

Thacher Proffitt & Wood LLP
Two World Financial Center
New York, NY 10281
Attn: Stephen T. Whelan, Esq.
Tel: (212) 912-7654
Fax: (212) 912-7751

SD\528254.4

If to the Junior Trustee:

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor
New York, NY 10005-2858
Attn: Project Finance, Re: Hard Rock Park Project
Tel: (212) 250-2498
Fax: (732) 578-4636

With a copy to:

Thacher Proffitt & Wood LLP
Two World Financial Center
New York, NY 10281
Attn: Stephen T. Whelan, Esq.
Tel: (212) 912-7654
Fax: (212) 912-7751

If to HRP Operations:

HRP Myrtle Beach Operations, LLC
622 E. Washington Street
Orlando, FL 32801
Attn: Steven Goodwin
Tel: (407) 928-6633
Fax: (321) 413-0209

With a copy to:

Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, NY 10022
Attn: Jeffrey J. Pellegrino
Tel: (212) 318-6932
Fax: (212) 230-7697

    14.    This Consent shall be binding upon and inure to the benefit of the Undersigned, the Revolving Credit Agent, on behalf of the Revolver Secured Parties, the Senior Trustee, on behalf of the Senior Noteholders, the Junior Trustee, on behalf of the Junior Noteholders, and HRP Operations, and their respective successors, designees and assignees (including, without limitation, any entity that refinances all or any portion of the obligations under any of the Revolving Credit Agreement, the Senior Indenture or the Junior Indenture). The Undersigned agrees to confirm such continuing obligation in writing upon the reasonable request of HRP Operations or any Agent or any of their respective successors, designees or assignees. No termination, amendment, variation or waiver of any provisions of this Consent shall be effective unless in writing and signed by the Undersigned, each Agent and HRP Operations.

    15.    Notwithstanding anything herein to the contrary, the exercise of any right or remedy by any Agent hereunder is subject to the provisions of the Intercreditor Agreement, dated as of the date hereof, among HRP Operations, each Agent and each of the other entities from time to time party thereto (as amended, amended and restated, supplemented or otherwise modified and in effect from time

6

to time, the "*Intercreditor Agreement*"). In the event of any conflict between the terms of the Intercreditor Agreement and this Consent, the terms of the Intercreditor Agreement will govern. The foregoing provision shall apply to and be binding on the Agents and HRP Operations only, and the Undersigned shall have no obligation or liability under this Section 15.

16. This Consent shall be governed by, construed and enforced in accordance with the internal laws of the State of New York, without regard to conflicts of law or choice of law principles.

17. Any provision of this Consent which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

18. This Consent may be executed in one or more duplicate counterparts, and when executed and delivered by all the parties listed below, shall constitute a single binding agreement.

19. All references in this Consent to any document, instrument or agreement (i) shall include all exhibits, schedules and other attachments thereto, (ii) shall include all documents, instruments or agreements issued or executed in replacement thereof, and (iii) shall mean such document, instrument or agreement, or replacement or predecessor thereto, as amended, amended and restated, supplemented or otherwise modified from time to time and in effect at any given time.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the parties hereto have caused this Consent and Agreement to be duly executed as of the date first set forth above.

          HRP CREATIVE SERVICES CO., LLC,
          a Florida limited liability company

By: *[signature]*
Name:
Title:

[Consent and Agreement (HRP Creative Services)]

HRP MYRTLE BEACH OPERATIONS, LLC,
a Delaware limited liability company

By: _____
Name:   Felix Mussenden
Title:   President and COO

ACKNOWLEDGED AND AGREED:

DEUTSCHE BANK TRUST COMPANY AMERICAS,
as Revolving Credit Agent

By: _____
Name: Brenda Casey
Title: Director

By: _____
Name: LINDA WANG
Title: DIRECTOR

DEUTSCHE BANK TRUST COMPANY AMERICAS,
as Senior Trustee

By: _____
Name: Brenda Casey
Title: Director

By: _____
Name: LINDA WANG
Title: DIRECTOR

DEUTSCHE BANK TRUST COMPANY AMERICAS,
as Junior Trustee

By: _____
Name: Brenda Casey
Title: Director

By: _____
Name: LINDA WANG
Title: DIRECTOR

[Consent and Agreement (HRP Creative Services)]

ACKNOWLEDGED AND AGREED:

DEUTSCHE BANK TRUST COMPANY AMERICAS,
as Revolving Credit Agent

By: _____
Name:
Title:

By: _____
Name:
Title:

DEUTSCHE BANK TRUST COMPANY AMERICAS,
as Senior Trustee

By: /s/ Wanda Camacho
Name: Wanda Camacho
Title: Vice President

By: /s/ Estelle Lawrence
Name: Estelle Lawrence
Title: Assistant Vice President

DEUTSCHE BANK TRUST COMPANY AMERICAS,
as Junior Trustee

By: /s/ Wanda Camacho
Name: Wanda Camacho
Title: Vice President

By: /s/ Estelle Lawrence
Name: Estelle Lawrence
Title: Assistant Vice President